Diakite v. Holder

BIA
Nelson, IJ
A089 253 754

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fourteen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge*,
      REENA RAGGI,
      RICHARD C. WESLEY,
          *Circuit Judges*.

_____

SOULEYMANE DIAKITE, AKA MOUSSA DIAKITE,
      *Petitioner*,

      v.                      12-937
                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Camille J. Mackler, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Surell Brady, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Souleymane Diakite, a native and citizen of Ivory Coast, seeks review of a February 9, 2012, decision of the BIA affirming a November 18, 2009, decision by an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Souleymane Diakite*, No. A089 253 754 (B.I.A. Feb. 9, 2012), *aff'g* No. A089 253 754 (Immig. Ct. N.Y. City Nov. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's determination that an asylum application is untimely under 8 U.S.C. § 1158(a)(2)(B). Although we retain jurisdiction to review "constitutional

2

claims or questions of law," 8 U.S.C. § 1252(a)(2)(D),

Diakite challenges only the weight accorded certain

evidence. Accordingly, he has not raised a colorable

question of law or constitutional claim. We therefore

dismiss the petition as to Diakite's asylum claim.

We do have jurisdiction to review the agency's denial

of withholding of removal on the ground that Diakite's

testimony was not credible. For applications, like

Diakite's, governed by the REAL ID Act, the agency may,

"[c]onsidering the totality of the circumstances," base a

credibility finding on an asylum applicant's demeanor, the

plausibility of his account, and inconsistencies in his

statements and other record evidence "without regard to

whether" they go "to the heart of the applicant's claim."

8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*,

534 F.3d at 163-64. Here, substantial evidence supports the

agency's decision.

First, the IJ reasonably relied in part on Diakite's

demeanor, noting that he was hesitant and lacked

forthrightness when answering questions. Particular

deference is given to the trier of fact's assessment of

demeanor. *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir.

3

2005); *see Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

The demeanor finding is strengthened and the adverse credibility determination is further supported by specific inconsistencies identified by the IJ. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Diakite's testimony significantly differed from his aslyum application. For example, Diakite testified that he sustained an injury to his ear during an attack by the Young Patriots, but did not mention that injury in his application. The agency was not compelled to accept his explanation that he omitted the injury because it was too painful to discuss, given the other injuries and deaths addressed in the application. *Majidi*, 430 F.3d at 80-81.

Diakite's testimony also provided some reason to question his credibility. For example, although one basis of Diakite's claim rested on his membership in the Rally for Republicans ("RDR"), Diakite stumbled in attempting to identify the party's full name, and could not clearly explain why he supported that political party. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (holding that, although "doctrinal knowledge" of a religion is not required

4

for asylum on religious grounds, lack of knowledge can under certain circumstances indicate that the applicant is not credible).

Having reasonably questioned Diakite's credibility, the agency did not err in relying on his failure to provide corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Diakite failed to provide any evidence of the broken arm he sustained in the second attack, although that evidence was apparently available. And the State Department country reports submitted did not show the Dioula as one of the groups that have been subject to ethnic tensions in Ivory Coast, nor did they contain any statements that security forces harassed or detained RDR members in Ivory Coast in recent years. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 166 (2d Cir. 2008).

Given the demeanor finding, lack of corroboration, and multiple discrepancies in Diakite's testimony, substantial evidence supports the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295-96 (2d Cir. 2006) (per curiam). Because that determination is dispositive, we deny Diakite's petition for review of his claim for withholding of removal.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

To the extent Diakite seeks review of the agency's November 2012 denial of his motion to reopen, this request is denied because no petition for review was filed from that decision. The September 2013 brief seeking such relief is hereby STRICKEN. *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review must be filed within 30 days after the date of the agency's final order); *Stone v. INS*, 514 U.S. 386, 405-06 (1995) (holding that removal orders and denials of motions to reopen are separate and distinct final orders).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk